Lucy LEBRON, Plaintiff,

v.

HOTEL, RESTAURANT & CLUB EM-
PLOYEES AND BARTENDERS UN-
ION LOCAL 6, Office and Professional
Employees International Union Local
153 AFL–CIO and Vio J. Pitta, Defend-
ants.

No. 82 Civ. 3305(MEL).

United States District Court,
S. D. New York.

June 25, 1982.

John Walshe, New York City, for plain-
tiff.

Shea & Gould, New York City, for de-
fendants Hotel, Restaurant & Club Employ-
ees and Bartenders Union Local 6 and Vito
J. Pitta; Michele D. Pinsky, New York
City, of counsel.

Quinn & Lilly, P.C., Garden City, N. Y.,
for defendant Local 153, Office and Profes-
sional Employees Intern. Union; Joshua E.
Bienstock, Garden City, N.J., of counsel.

LASKER, District Judge.

Lucy Lebron is suing her former employ-
er, Hotel, Restaurant & Club Employees
and Bartenders Union, Local 6 ("Local 6"),
for alleged failure to grant her equal em-
ployment opportunities. She claims she
was discharged on account of her gender
and national origin, in violation of Title VII
of the Civil Rights Act of 1964, 42 U.S.C.
§ 2000e *et seq.* She also asserts a pendant
claim under a quasi-contract theory of abu-
sive discharge.

Shortly after Lebron was discharged, her
union, Office and Professional Employees
International Union Local 153 AFL–CIO
("Local 153"),[1] contested the discharge by
initiating arbitration proceedings pursuant
to the terms of the labor agreement be-
tween Local 153 and Local 6. Lebron now
moves pursuant to Fed.R.Civ.Pr. 65 to en-
join the arbitration of the dispute pending
the outcome of the instant action.

Lebron argues that if the arbitration is
concluded prior to the trial in this action,
her opportunity to vindicate her rights un-
der Title VII may be jeopardized because
the results of the arbitration will be accord-
ed great weight, if not considered disposi-
tive, in this action.

The unions respond that the results of the
arbitration will not be *res judicata* of the
case at bar because, under *Alexander v.
Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct.
1011, 39 L.Ed.2d 147 (1974), an arbitral deci-

---

1. Local 153 is also named as a defendant on
account of its alleged failure to fulfill its duties
as Lebron's representative.

sion may not be given *res judicata* or collateral estoppel effect in a Title VII action. Lebron replies that even if, under *Alexander* her Title VII cause of action is not jeopardized, her pendant claim may be.

Lebron is not a party to the arbitration which she proposes to enjoin. Local 153, her union, initiated the proceeding under its collective bargaining agreement with her employer. Local 153 has an interest in vindicating its rights under the contract even if Lebron desires to follow different procedures. Moreover, Local 153 has gone out of its way to allow Lebron to utilize the arbitration mechanism—it has agreed to allow her lawyer to represent her at the arbitration or to be present there as an observer. (Affidavit of Joshua Bienstock, attorney for Local 153, ¶ 6, and Exhibit B). Lebron has set forth no basis for her belief that she is entitled to interfere with the choice of her union and her employer to proceed with the dispute-resolution mechanisms provided by their contract.

Nor has Lebron demonstrated that she will be damaged in any way by the arbitration proceedings. As defendants correctly point out, under *Alexander*, the arbitration decision will not have *res judicata* effects on this action. Although the arbitral decision would be admissible in evidence in this case, *Alexander* cautions that the weight to be given to the arbitral decision shall be based on such factors as "the degree of procedural fairness in the arbitral forum, adequacy of the record with respect to the issue of discrimination, and the special competence of particular arbitrators." *Id.* at 60 & n. 21, 94 S.Ct. at 1025 & n. 21.

It is unnecessary to determine whether the arbitral decision would be *res judicata* or trigger collateral estoppel as to the pendant claims. Pendant claims are entertained by the federal courts as a matter of grace. If there is no basis under our direct federal jurisdiction to stay the arbitration, we do not think the pendant claim should change the result.

Furthermore, Local 6, Lebron's employer, may be prejudiced by a stay of the arbitration. If the arbitration is decided in Le-

bron's favor, she will most likely be ordered reinstated, which would halt the accumulation of back-pay due. On the other hand, if the dispute is not resolved until trial of this action, any potential back-pay liability could continue to accumulate for months.

Finally, as the Supreme Court has often pointed out, federal policy favors the arbitration of labor disputes. Congress has "expressly approved contract grievance procedures as a preferred method for settling disputes and stabilizing the 'common law' of the plant." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965).

Plaintiff's motion for a preliminary injunction staying the arbitration is denied.

It is so ordered.